1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

8

9  EMPLOYEE PAINTERS' TRUST; WESTERN
    WASHINGTON PAINTERS DEFINED

10  CONTRIBUTION PENSION TRUST;
    DISTRICT COUNCIL NO. 5

11  APPRENTICESHIP AND TRAINING TRUST
    FUND; WESTERN WASHINGTON

12  PAINTERS LABOR MANAGEMENT
    COOPERATION TRUST; INTERNATIONAL

13  PAINTERS AND ALLIED TRADES
    INDUSTRY PENSION FUND, acting by and

14  through their designated fiduciaries Stacey
    Grund and Mike Ball; and INTERNATIONAL

15  UNION OF PAINTERS AND ALLIED
    TRADES DISTRICT COUNCIL NO. 5,

16
17                Plaintiffs,

18        vs.

19  JONATHAN JAMES ROMIG, an individual
    *d/b/a* ROMIG CONSTRUCTION,

20                Defendant.

21

Case No.:

**COMPLAINT**

22        The Plaintiffs, Employee Painters' Trust; Western Washington Painters Defined Contribution

23  Pension Trust; District Council No. 5 Apprenticeship and Training Trust Fund; Western Washington

24  Painters Labor Management Cooperation Trust; International Painters and Allied Trades Industry

25  Pension Fund, acting by and through their designated fiduciaries Stacey Grund and Mike Ball; and

**THE URBAN LAW FIRM**
and
**CHRISTENSEN JAMES & MARTIN**
800 Bellevue Way NE, Suite 400
Bellevue, WA 98004
P. (425) 646-2394 / (702) 968-8087
F. (425) 462-5638 / (702) 968-8088
murban@theurbanlawfirm.com
elj@cjmlv.com
*Counsel for Plaintiffs*

Complaint
(Case No.                    )

1

International Union of Painters and Allied Trades District Council No. 5 ("Plaintiffs" or "Trusts"), by and through their counsel, The Urban Law Firm and Christensen James & Martin, complain and allege as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction of this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2.      This Court has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy or the citizenship of the parties.

3.      Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that this is the Judicial District in which the Trusts (defined below) are administered, the signatory labor organization maintains its offices, and where the relevant acts took place.

4.      To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

## PARTIES AND GENERAL ALLEGATIONS

5.      The Trusts, Employee Painters' Trust; Western Washington Painters Defined Contribution Pension Trust; District Council No. 5 Apprenticeship and Training Trust Fund; Western

THE URBAN LAW FIRM
and
CHRISTENSEN JAMES & MARTIN
800 Bellevue Way NE, Suite 400
Bellevue, WA 98004
P. (425) 646-2394 / (702) 968-8087
F. (425) 462-5638 / (702) 968-8088
murban@theurbanlawfirm.com
clj@cjmlv.com
*Counsel for Plaintiffs*

Complaint
(Case No.                    )

1   Washington Painters Labor Management Cooperation Trust; and International Painters and Allied

2   Trades Industry Pension Fund, are express trusts created pursuant to written declarations of trust,

3   consistent with Section 302(c) of the LMRA, 29 U.S.C. § 186(c). They are acting by and through their

4   designated fiduciaries, Stacey Grund and Mike Ball.

5         6.     At all times material herein, the International Union of Painters and Allied Trades,

6   District Council No. 5 and its associated Locals ("Union") has been a labor organization representing

7   employees in the construction industry in western Washington. The Union is a labor organization

8   representing employees in an industry affecting commerce within the meaning of Section 301(a) of the

9   LMRA, 29 U.S.C. § 185(a).

10         7.     Defendant Jonathan James Romig ("Romig") is a resident of Snohomish County,

11   Washington, doing business as a contractor under the trade name Romig Construction in Snohomish

12   County, Washington. Romig Construction is a sole proprietorship identified by Washington UBI No.

13   602530889.

14         8.     Defendant Romig holds Washington State Contractors License No. ROMIGC*953N3,

15   which is classified as a General license, effective August 23, 2005, through August 22, 2013.

16         9.     On or about January 26, 2012, Romig executed a collective bargaining agreement with

17   the Union, by which he agreed to be bound to the terms and conditions of the collective bargaining

18   agreement.

19        10.    On or about November 12, 2013, Romig executed a successor collective bargaining

20   agreement, by which he agreed to be bound to the terms and conditions of the collective bargaining

21   agreement. The two collective bargaining agreements are collectively referred to as the "CBA."

22        11.    Romig also agreed to be bound by the terms and provisions of each of the Trust

23   Agreements utilized to create the Trusts. Romig also agreed to pay fringe benefit contributions to the

24   Trusts at the rates set by the CBA and Trust Agreements.

25        12.    The Trusts are intended third-party beneficiaries of the CBA.

THE URBAN LAW FIRM
and
CHRISTENSEN JAMES & MARTIN
800 Bellevue Way NE, Suite 400
Bellevue, WA 98004
P. (425) 646-2394 / (702) 968-8087
F. (425) 462-5638 / (702) 968-8088
murban@theurbanlawfirm.com
clj@cjmlv.com
*Counsel for Plaintiffs*

Complaint
(Case No.                    )

13. At all times relevant herein, Romig has been obligated to the terms and provisions of the CBA and the Trust Agreements (the CBA and the Trust Agreements are collectively referred to as the "Labor Agreement").

14. At all times material herein, Romig has been obligated by the terms of the Labor Agreement to the following:

a. to prepare and submit true, complete, and accurate written monthly contribution reports to the Trusts on a timely basis showing (i) the identities of employees performing work covered by the Labor Agreement, (ii) the number of hours worked by or paid to these employees, (iii) the rates of pay, (iv) character of hours worked (e.g., straight time, over-time, etc.), and (v) based upon the hours worked or amounts paid to employees, the proper calculation of the fringe benefit contributions, benefits and/or withholdings attributable to same employees, which monthly contribution reports are due on the 15th day of each successive month;

b. to maintain adequate records of work performed by and amounts paid to his employees and subcontractors. Romig was obligated to permit the Trusts and their agents to conduct audits of Romig's payroll and related records in order to determine if fringe benefit contributions were properly paid pursuant to the Labor Agreement;

c. to properly pay to the Trusts fringe benefit contributions, benefits and/or withholdings on a monthly basis, and at specified rates for each hour worked by or paid to applicable employees; these amounts are due and payable at the Trusts' administrative offices; and

d. Pending an audit by the Trusts, the statute of limitations is tolled until the date an audit is completed.

15. Romig is an "employer" as that term is understood and defined in the Labor Agreement.

16. Romig is an "employer" as that term is used in Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and therefore, Romig is "obligated to make contributions to a multiemployer plan" within the

THE URBAN LAW FIRM
and
CHRISTENSEN JAMES & MARTIN
800 Bellevue Way NE, Suite 400
Bellevue, WA 98004
P. (425) 646-2394 / (702) 968-8087
F. (425) 462-5638 / (702) 968-8088
murban@theurbanlawfirm.com
elj@cjmlv.com
Counsel for Plaintiffs

Complaint
(Case No.                           )

1    meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

2        17.    Romig is also an "employer" engaged in "commerce" in an "industry affecting

3    commerce," as those terms are defined and used in Sections 501(1) and 501(3) of the LMRA, 29 U.S.C.

4    § 142(1) and (3) and within the meaning and use of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

5        18.    Romig is subject to the performance of a payroll compliance audit to evaluate and

6    determine the work performed and obligations due to the Trusts.

7        19.    On or about February 14, 2013, the Trusts, through their auditor, requested to perform an

8    audit of Romig's payroll and related records for the purpose of determining whether or not Romig was

9    in compliance with the Labor Agreement.

10        20.    On February 12, 2014, the Trusts, through their counsel, sent a follow-up request for the

11    scheduling of an audit.

12        21.    Despite numerous efforts to obtain voluntary compliance with the audit, Romig has failed

13    to submit to an audit required by the Trusts and authorized by the Labor Agreement.

14        22.    The Labor Agreement and federal law require signatory employers to permit multi-

15    employer trust funds to audit their payroll and related records upon the Trusts' request. Romig's failure

16    to permit a complete audit of his payroll and related records entitles the Trusts to their attorney's fees

17    and costs incurred in compelling the audit. These fees are in addition to any amounts found to be due

18    and owing by the audit.

19        23.    It has been necessary for the Plaintiffs to engage The Urban Law Firm and Christensen

20    James & Martin for the purpose of collecting the contributions and damages due by Romig and

21    compelling the completion of the contractually permitted audit.

22                        **FIRST CLAIM FOR RELIEF**

23                    **[Breach of Contract—29 U.S.C. § 1132]**

24        24.    The Plaintiffs restate and reallege the allegations contained in paragraphs 1 through 23 as

25    if fully set forth herein.

THE URBAN LAW FIRM
and
CHRISTENSEN JAMES & MARTIN
800 Bellevue Way NE, Suite 400
Bellevue, WA 98004
P. (425) 646-2394 / (702) 968-8087
F. (425) 462-5638 / (702) 968-8088
murban@theurbanlawfirm.com
clj@cjmlv.com
*Counsel for Plaintiffs*

Complaint
(Case No.                    )

5

25.     The Trusts are informed and believe, and thereon allege, that Romig has failed to pay certain amounts of fringe benefit contributions and damages in amounts not presently known to the Trusts, but these additional amounts will be established by proof at trial and as provided by a complete audit of Romig's payroll and related records.

26.     Under the Labor Agreement, Romig also agreed that in the event of any delinquency, it would pay legal and auditing costs in connection therewith, whether incurred before or after litigation is commenced.

27.     Pursuant to the Labor Agreement and 29 U.S.C. § 1132(g)(2), the Trusts are entitled to an award of their reasonable attorneys' fees and costs incurred to enforce the Labor Agreement.

28.     Pursuant to 29 U.S.C. § 1132(g)(2), Romig owes the Trusts prejudgment interest, at the rates established pursuant to 26 U.S.C. § 6621 or the stated contractual rate, on all unpaid contributions and damages from the dates the sums were originally due to the Trusts to the date of judgment. The Trusts are also entitled to liquidated damages on any unpaid contributions at the stated contractual rate, pursuant to 29 U.S.C. § 1132(g)(2).

29.     Romig breached the Labor Agreement by failing to timely and properly submit reports or contributions or both to the Trusts.

30.     According to the Labor Agreement and applicable law, Romig must permit the Trusts and their agents to conduct compliance audits of his payroll and related record in order to test compliance with the Labor Agreement and law and to determine the exact amount of fringe benefit contributions as contract damages, interest, and liquidated damages due and owing to the Trusts.

31.     The Trusts are entitled to recover legal fees and audit costs from the Defendant as well as the principal benefit contributions, interest, and liquidated damages.

32.     By the Labor Agreement and 29 U.S.C. § 1132(g)(2), Romig is contractually delinquent by failing to remit reports and pay contributions or other contract damages when due.

THE URBAN LAW FIRM
and
CHRISTENSEN JAMES & MARTIN
800 Bellevue Way NE, Suite 400
Bellevue, WA 98004
P. (425) 646-2394 / (702) 968-8087
F. (425) 462-5638 / (702) 968-8088
murban@theurbanlawfirm.com
elj@cjmlv.com
Counsel for Plaintiffs

Complaint
(Case No.                    )

## SECOND CLAIM FOR RELIEF

### [Injunctive Relief—29 U.S.C. § 1132(a)(3)]

33.     The Plaintiffs restate and reallege the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

34.     Romig's actions as alleged herein constitute violations of ERISA.

35.     The contract breaches and violations of ERISA identified above harm the Trusts and place at risk the Trusts' ability to provide required employee benefits to their beneficiaries.

36.     The Trusts' remedies at law are not sufficient to adequately compensate the Trusts or their beneficiaries from past harm caused by said violations or to protect them from the harm or threat of harm caused by similar future violations.

37.     The Trusts are likely to prevail on the merits of their claims.

38.     The Trusts are entitled to injunctive relief affirmatively compelling Romig to submit all monthly remittance reports and pay all contribution amounts on a timely basis.

39.     The Trusts are entitled to injunctive relief affirmatively compelling Romig to submit to a compliance audit and to report and pay the Trusts all past due contributions and related damages.

## THIRD CLAIM FOR RELIEF

### [Breach of ERISA Fiduciary Duty—Constructive Trust]

40.     The Plaintiffs restate and reallege the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

41.     Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), provides that "a person is a fiduciary with respect to a plan to the extent (i) he . . . exercises any discretionary authority or control respecting . . . disposition of its assets . . . ."

42.     Plaintiffs are informed and believe, and thereon allege, that at all times material herein, Defendant Romig was a "fiduciary" pursuant to ERISA Section 3(21)(A), 29 U.S.C. § 1002(21)(A), and is therefore individually and separately liable for the violation of his ERISA fiduciary duties.

THE URBAN LAW FIRM
and
CHRISTENSEN JAMES & MARTIN
800 Bellevue Way NE, Suite 400
Bellevue, WA 98004
P. (425) 646-2394 / (702) 968-8087
F. (425) 462-5638 / (702) 968-8088
murban@theurbanlawfirm.com
elj@cjmlv.com
Counsel for Plaintiffs

Complaint
(Case No.                              )

43.    ERISA provides "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries an— (A) for [the] exclusive purpose of (i) providing benefits to participants and their beneficiaries; and . . . (D) in accordance with the documents and instruments governing the plan . . . ." ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1).

44.    More specifically, ERISA provides "the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries . . . ." ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1).

45.    A portion of the fringe benefit contributions required to be paid by Romig are monies funded exclusively from contributions made by Romig without deductions from his employees' paychecks.

46.    The remaining portion of the fringe benefit contributions required to be paid to the Trusts by Romig are monies funded exclusively by deductions from his employees' compensation and are employee contributions, which are never assets of the employer.

47.    At all times material herein, Romig Construction was held as a sole proprietorship belonging to Jonathan James Romig.

48.    At all times material herein, Romig accrued a direct, beneficial, and pecuniary interest in the activities and, ultimately, in the success of his business.

49.    At all times material herein, Romig was responsible for the day-to-day operations of his business and, as such, for the withholding of monies from his employees' paychecks and the subsequent decisions pertaining to the remittance of these contributions to the Trusts.

50.    Romig, without legal justification or excuse, failed to accurately and timely remit the monies withheld from his employees' wages to the relevant trust funds. Instead, such funds have been withheld for the account and benefit of Romig.

THE URBAN LAW FIRM
and
CHRISTENSEN JAMES & MARTIN
800 Bellevue Way NE, Suite 400
Bellevue, WA 98004
P. (425) 646-2394 / (702) 968-8087
F. (425) 462-5638 / (702) 968-8088
murban@theurbanlawfirm.com
elj@cjmlv.com
*Counsel for Plaintiffs*

Complaint
(Case No.                    )

8

51.     Romig, without legal justification or excuse, failed to timely and accurately remit employer fringe benefit contributions to the Trusts. Instead, such funds were withheld for the account and benefit of Romig.

52.     Romig exercised discretionary control and authority of the unpaid contributions, which are assets of the Trusts under the Labor Agreement.

53.     Plaintiffs allege Romig failed to accurately and timely account for the Trusts' assets within his discretionary control and authority, which is a breach of his fiduciary duties under ERISA.

54.     Pursuant to ERISA Section 405(a), 29 U.S.C. § 1105(a), in addition to any liability which Romig is individually subject to under ERISA, he is also liable for the breach of his fiduciary duties.

55.     Romig had knowledge of the acts and omissions as a fiduciary and knowingly undertook to conceal those omissions and acts from the Trusts, the Trustees, and their auditors.

56.     Romig wrongfully failed to account for the Trusts' assets in his discretionary control and knew this failure was objectively and subjectively a wrongful violation of his fiduciary duties.

57.     Romig breached his duties of care and loyalty to the Trusts, as alleged above, by failing to properly account for and remit employee and employer contributions to the Trusts.

58.     Romig had knowledge of his duties as a fiduciary to the Trusts and understood his conduct as alleged above was wrongful, or he was willfully blind to his fiduciary duties or consciously disregarded a substantial and unjustifiable risk that his conduct would breach his fiduciary duties.

59.     A constructive trust should be imposed for the monies withheld from the employees' wages for transmittal to the respective Trusts.

60.     A constructive trust and monetary judgment is also appropriate due to the Defendant's violation of his fiduciary duties under ERISA by not accounting for employer contributions to the Trusts.

61.     Based on the foregoing, Romig is liable to the Trusts for all unpaid fringe benefit contributions, contract damages, liquidated damages, attorney's fees and costs, prejudgment interest, and

THE URBAN LAW FIRM
and
CHRISTENSEN JAMES & MARTIN
800 Bellevue Way NE, Suite 400
Bellevue, WA 98004
P. (425) 646-2394 / (702) 968-8087
F. (425) 462-5638 / (702) 968-8088
murban@theurbanlawfirm.com
clj@cjmlv.com
*Counsel for Plaintiffs*

Complaint
(Case No.                    )

9

audit costs owed to the Trusts, and the Trusts seek judgment for the same against Romig in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for judgment against Defendant as follows:

1.      For the Court's Order compelling Defendant to deliver and make available to the Trusts' auditors all information and documents necessary to permit the auditors to perform compliance audits deemed necessary and proper by the Trusts;

2.      For the Court's Order enjoining Defendant from failing to fully cooperate with any audits deemed necessary and proper by the Trusts, and from failing to timely pay to the Trusts delinquent amounts discovered by the audit or as otherwise incurred in the normal course of business;

3.      For the Court's Order affirmatively compelling Defendant to abide by the terms of the Labor Agreement, including but not limited to submitting and paying accurate monthly contribution remittance reports and contribution amounts to the Trusts on a timely basis;

4.      For unpaid fringe benefit contributions in amounts to be proven at trial;

5.      For damages for breach of contract or breach of fiduciary duty in an amount to be proven at trial;

6.      For liquidated damages in amounts to be proven at trial;

7.      For accrued interest on all unpaid contributions and damages from their dates until paid;

8.      For the Trusts' audit costs in an amount to be proven at trial;

9.      For the Trusts' reasonable attorney's fees;

10.     For the Trusts' costs of suit incurred herein;

11.     For such additional relief as may be provided for by 29 U.S.C. § 1132(g); and

/ / /

/ / /

THE URBAN LAW FIRM
and
CHRISTENSEN JAMES & MARTIN
800 Bellevue Way NE, Suite 400
Bellevue, WA 98004
P. (425) 646-2394 / (702) 968-8087
F. (425) 462-5638 / (702) 968-8088
murban@theurbanlawfirm.com
elj@cjmlv.com
*Counsel for Plaintiffs*

Complaint
(Case No.                    )

10

1    12.    For such additional relief as this Court may deem just and proper.

2    Dated: April 8, 2014                          **THE URBAN LAW FIRM**

3                                                  */s/ Nathan R. Ring*
                                                   Michael A. Urban, Esq.
4                                                  Washington State Bar No. 20251
                                                   Nathan R. Ring, Esq.
5                                                  Washington State Bar No. 46271
                                                   800 Bellevue Way NE, Suite 400
6                                                  Bellevue, WA  98004
                                                   P. (425) 646-2394 / (702) 968-8087
7                                                  F. (425) 462-5638 / (702) 968-8088
                                                   murban@theurbanlawfirm.com
8                                                  nring@theurbanlawfirm.com

9
     Dated: April 8, 2014                          **CHRISTENSEN JAMES & MARTIN**
10
                                                   */s/ Evan L. James*
11                                                 Evan L. James, Esq.
                                                   Washington State Bar No. 44654
12                                                 800 Bellevue Way NE, Suite 400
                                                   Bellevue, WA  98004
13                                                 P. (425) 462-4045 / (702) 255-1718
                                                   F. (425) 462-5638 / (702) 255-0871
14                                                 elj@cjmlv.com

15                                                 *Attorneys for Plaintiffs*

16

17   27272

18

19

20

21

22

23

24

25

THE URBAN LAW FIRM
and
CHRISTENSEN JAMES & MARTIN
800 Bellevue Way NE, Suite 400
Bellevue, WA 98004
P. (425) 646-2394 / (702) 968-8087
F. (425) 462-5638 / (702) 968-8088
murban@theurbanlawfirm.com
elj@cjmlv.com
*Counsel for Plaintiffs*

Complaint
(Case No.                    )